## FLOWER v METROPOLITAN LIFE INSURANCE COMPANY

Ohio Appeals, 1st Dist., Hamilton Co.

No. 5888. Decided Nov. 21, 1940.

Leis & Hamilton, Cincinnati, for appellant.

Marble & Vordenberg, Cincinnati, for appellee.

### OPINION

By WASHBURN, PJ.

This action was begun in the Municipal Court of Cincinnati, and was one to recover insurance for death resulting from bodily injuries caused by accidental means, independent of any other causes. There were two policies involved, but the terms of each were substantially identical, and the principal defense and the only one worthy of consideration was that the death was caused or contributed to by disease or bodily infirmity—namely, a disease of the heart.

A trial resulted in the verdict of a jury in favor of the plaintiff, upon which judgment was entered. The cause was appealed to the Common Pleas Court upon questions of law, and that court found that there was no evidence whatsoever of an accidental death, and for that reason held that the trial court should have rendered final judgment asked for by the defendant; and the judgment of the Municipal Court was reversed. and final judgment entered for the defendant.

The matter is now before this court upon appeal on questions of law, in which the appellant asks that this court reverse the judgment of the Common Pleas Court and affirm the judgment of the Municipal Court.

Without attempting to detail the evidence offered on behalf of the plaintiff, which in no wise was contradicted by evidence on the part of the defendant, it is sufficient to say that the deceased, who was a boy in his late teens, went, in an automobile, with three companions of about his age, to a place where a creek passed under a highway bridge in the country. for the purpose of going in swimming; that the deceased had his swimming trunks on under his clothes; that when they arrived at the bridge over the stream, the deceased, having removed his clothes, got out of the automobile on the bridge, and his companions rode in the automobile to a convenient

place close to the bridge for the purpose of removing their clothing and putting on their swimming trunks; that, within three minutes from the time they left the deceased, a passer-by in an automobile called their attention to the fact that the deceased was lying on the bridge in a dying condition; that upon prompt investigation they found that he was lying on the opposite side of the bridge from where they had last seen him, upon his face in a dying condition, and with his head near the wall of the bridge, and his body extending into the roadway; that the passer-by and one of the boys took the body of the deceased in the passer-by's automobile and rushed to the hospital; and that the deceased died before reaching the hospital, without regaining consciousness.

An examination of the body disclosed that the deceased had sustained injuries of an external and traumatic nature. He had a cut on his nose and a cut over his left eye; his teeth were broken, and his mouth was bleeding; on the back of his head on the right side was a large bruise and cut; his ankle was twisted to an extent indicating a fracture; and his neck was broken.

These facts, considering the nature and extent of the injuries and all of the surrounding circumstances, established by the plaintiff's evidence, permitted reasonable minds to come to no other conclusion than that the boy's death was caused by accidental means. He either fell or was thrown with force sufficient to cause these very extensive and clearly fatal injuries. The trial court was correct in refusing to enter judgment for the defendant at the close of plaintiff's case.

In defense, the defendant introduced evidence tending to prove facts in reference to a heart condition of the deceased, which it was claimed caused or contributed to cause the fall resulting in the injuries which caused the death.

The cause of the fall, whether as claimed by the plaintiff or as claimed by the defendant, depended entirely upon inferences to be drawn from the facts proved. No one saw the deceased fall, and no one could tell except by inference what caused him to fall. Under such circumstances, the question of what caused him to fall or contributed to cause him to fall was peculiarly one for the determination of a jury, and the Common Pleas Court was wrong in determining that there was no evidence tending to prove that the fall was accidental.

We are also of the opinion that the trial court did not err in refusing to enter judgment for the defendant at the conclusion of all of the evidence, and that the Common Pleas Court erred in reversing the judgment of the trial court upon the grounds given by the Common Pleas Court for such action.

The judgment of the Common Pleas Court entering final judgment for the defendant must therefore be reversed.

The judgment of the Common Pleas Court reversing the judgment of the trial court must be reversed also unless the record discloses some error in the trial in the Municipal Court (other than the lack of any evidence of accidental death) which was prejudicial to the defendant and entitled it to another trial.

Counsel for the defendant have discussed by brief several of such claimed errors, and we have examined all of them, and we find no prejudicial error. The coroner was not called as a witness, and it does not appear that he had the means

of knowing anything more about the manner in which and the means by which the deceased's neck was broken than the jury had, and, moreover, the defendant had all the benefit of the coroner's report that it was entitled to have. The proof of accidental death required to be filed before suit, was prepared by the defendant, and the trial court was right in determining that, under the circumstances shown by the record, it was sufficient as a matter of law.

We find no prejudicial error in the rulings of the trial court on the admission or rejection of evidence, and from a careful consideration of the facts and circumstances shown by the record, we are of the opinion that the finding of the jury that the cause of the fall of the deceased was accidental, and not contributed to by any bodily infirmity of the deceased, is not against the weight of the evidence, but on the contrary was fully justified, and that therefore not only the judgment of the Common Pleas Court should be reversed in toto, but the judgment of the Municipal Court should be affirmed.

Judgment accordingly.

DOYLE, J., & STEVENS, J., concur.
(Judges of the 9th Dist. sitting by designation).